IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOHAMMAD KHALID DEMISI, | No. 2:20-CV-01692-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| STEPHANIE PHAN, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court is Plaintiff's original complaint. See ECF No. 1

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2).  Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

1    rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because Plaintiff must allege

2    with at least some degree of particularity overt acts by specific defendants which support the

3    claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is

4    impossible for the Court to conduct the screening required by law when the allegations are vague

5    and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff is an inmate at California Correction Center ("CCC"). ECF No. 1 at 1. He names eleven defendants, all of whom are CCC employees, in his complaint: (1) Stephanie Phan, a medical doctor; (2) Myra Ladista, a registered nurse; (3) Kashif Ali, a medical doctor; (4) Ernaga, a counselor; (5) Mason, a correctional officer; (6) Rivera, a correctional officer; (7) Dike, a correctional officer; (8) C. Carr, a correctional officer; (9) Jacob Goldman, a registered nurse; (1) Dawn Wagner, a registered nurse; and (11) Eastman, a correctional officer. Id. 2–3. Plaintiff asserts three claims under the Eighth Amendment to the United States Constitution, each extending from Defendants' alleged response, or lack thereof, to Plaintiff's medical conditions. Id. at 4–8.

Plaintiff claims that he has been denied ADA accommodations and transfer to a medical facility. Id. at 4. Despite having titanium plates and screws in his neck and spine that limit his mobility, Plaintiff is housed on an upper tier and assigned an upper bunk. Id. He is forced to climb the stairs each day and has difficulty getting into his bunk. Id. at 4, 6. His conditions are painful even with medication which is itself inadequate because CCC does not prescribe painkillers. Id. at 4, 6. He alleges that he is forced to use a shower without handrails, placing him at risk of falling because of his restricted mobility and a cracked skull that gives him dizzy spells. Id. at 4. According to Plaintiff, he is also at risk in his cell because there are no distress alarms. Id. Instead, inmates must waive a towel through the opening in their cells doors until they are seen. Id. The lack of safety accommodations is, in Plaintiff's view, cruel and unusual. Id.

///

1    Prison officials and medical staff, according to Plaintiff, are aware of his condition
2 and the risks to his health as a result of his ongoing pain and limited mobility. ECF No. 1 at 5.
3 Yet, prison officials have routinely denied or delayed treatment. Id. He maintains that he has
4 repeatedly brought his condition to the attention of prison staff, including his counselor
5 Defendant Ernaga. Id. at 5–6. Although a neck surgeon told Plaintiff he was a high-risk medical
6 patient, Ernaga allegedly lied to Plaintiff, telling him that he would be transferred to a medical
7 facility; yet no such transfer has occurred. Id. at 6. Because of Defendants' failure to
8 accommodate his medical conditions, Plaintiff alleges that he is left in lasting pain. Id. at 5–6.
9 Plaintiff alleges that Defendants have failed to provide accommodations such as a lower bunk,
10 shower chair, and handrails. Id. at 5. And, even with a physician's recommendation and
11 diagnosis, he has been denied physical therapy and a therapeutic pillow to address his pain. Id.
12 His requests for an updated interview with a prison doctor have been denied. Id. He contends that
13 Defendants' inaction, and his resulting living conditions, constitute cruel and unusual
14 punishment. Id.

15    Lastly, Plaintiff claims that Defendants have deliberately failed to act because he is
16 a Muslim-American. Id. at 7. Plaintiff alleges that not only has he personally witnessed the
17 transfer of white inmates to ADA-compliant medical facilities, but correctional officers have
18 harassed him, calling him an "Arab fucker." Id. at 7–8. Plaintiff asserts that he is not suitable for a
19 "camp" prison without the ADA or safety accommodations he requires, such as handrails or slip-
20 proof floors in the shower. Id. at 7. He has fallen in the shower and prison officials are directly
21 aware of his needs. Id. Nevertheless, Defendant Ernaga has delayed and interfered with his
22 transfer to a medical facility. Id. Plaintiff again maintains that the alleged resulting living
23 conditions he endures as a result of discrimination against him constitutes cruel and unusual
24 punishment. Id.

25    Plaintiff seeks $3.9 million dollars in actual damages, as well as nominal and
26 punitive damages for all harm endured. Id. at 9.
27 ///
28 ///

3

## II. DISCUSSION

In its present form, Plaintiff's complaint fails to satisfy Rule 8 and is insufficient to pass screening. The Court will grant Plaintiff leave to amend.

As discussed above, Rule 8 requires a complaint to contain a short and plain statement of the claim. To his credit, Plaintiff alleges specific ailments and circumstances that he contends constitute cruel and unusual punishment. In sum, he contends that his living conditions, such as showers without handrails and assignment to a top bunk, and the lack of receipt of medical care, has placed him in constant pain and at risk for serious injury. But Plaintiff makes blanket assertions as to responsibility for the constitutional deprivations he alleges. His complaint primarily speaks of the knowledge and indifference of "prison officials," "medical personnel," and "correctional officers" without identifying which defendants are responsible for some alleged conduct, omission, or circumstance constituting a constitutional violation. E.g., ECF No. 1 at 5–8. Although Plaintiff does make specific allegations against Defendant Ernaga—that she disregarded his condition and lied about and denied his transfer to a medical facility—Plaintiff never identifies which, if any, of the other allegations Ernaga is responsible for. Whether Ernaga is also included in a named category of defendant, such as "prison officials" or "medical personnel" is unclear.

The Federal Rules of Civil Procedure do not require detailed factual allegations, but vague and conclusory allegations of responsibility are insufficient. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must allege with some degree of particularity overt acts by specific defendants that support the claims, such that the complaint gives defendants fair notice of the claims and the grounds on which they rest. See Kimes, 84 F.3d at 1129. "[A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Plaintiff's broad, conclusory allegations as to the responsibility of categories of defendants like "prison officials" are insufficient and fail to

1  give any Defendant notice of the specific claims against them.  The Court is unable to draw
2  reasonable inferences as to which Defendants are liable for the various alleged misconduct.

### III.  CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint must be complete in itself without reference to any prior pleading.  See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, Plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110.  Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the Court's discretion, be dismissed with prejudice pursuant to Rule 41(b).  See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

///

///

///

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's original complaint is dismissed with leave to amend; and
2. Plaintiff shall file a first amended complaint within 30 days of the date of service of this order.

Dated: November 3, 2020

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

6